NOS. 07-05-0102-CR

 07-05-0103-CR

 07-05-0104-CR

 07-05-0105-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 20, 2006


______________________________



DAVID ARNOLD BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NOS. 15,208-B, 15,209-B, 15,210-B, 15,211-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, David Arnold Brown, appeals his convictions for Indecency with a Child
and punishment of ten years confinement in the Institutional Division of the Texas
Department of Criminal Justice in each cause to be served consecutively. Appellant's
counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138
(Tex.Crim.App. 1969). We affirm.

 Appellant was charged by four indictments with the offenses of indecency with a
child. In November of 2003, appellant was tried before a jury and was found guilty of all
charges. However, prior to a punishment hearing, appellant filed a motion for new trial, and
the State did not oppose the motion. The trial court granted appellant's motion for new trial. 
Appellant then pled guilty to five counts of indecency with a child. (1) The trial court accepted
appellant's pleas of guilty, deferred further proceedings, and sentenced appellant to ten
years deferred adjudication in each case. Appellant did not appeal from the proceedings.

 On December 21, 2004, the State filed an "Amended Motion to Revoke Order
Granting Unadjudicated Probation" alleging seven violations in each case. A hearing on
the motions was held on December 29th and 30th of 2004. The trial court found three
violations dealing with new offenses to be true, and found the final alleged violation of
contacting the victim of the original offenses to also be true. Following a separate
punishment hearing, the court sentenced appellant to confinement in the Institutional
Division of the Texas Department of Criminal Justice for ten years in each cause to be
served consecutively. Appellant filed a motion for new trial on January 27, 2005 in each
case which the trial court denied on February 2, 2005. Appellant then filed timely notice
of appeal on March 22, 2005 in each cause. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders and Gainous, the record has been diligently reviewed. In the opinion of counsel,
this court's appellate jurisdiction has not been invoked over the appeal as to issues relating
to the original conviction, the trial court's decision to proceed to adjudication of guilt, and
the punishment assessed. See Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Crim.App.
2001). Further, counsel has concluded that even if our appellate jurisdiction has been
invoked, the record reflects no reversible error or grounds upon which a non-frivolous
appeal can arguably be predicated either as to the original proceeding or other issues
unrelated to his original conviction.

 Counsel's brief demonstrates a conscientious review of the entire record and
analysis of the legal issues involved in a potential appeal. After referencing and analyzing
the record and the applicable law, counsel has discussed why, under the controlling
authorities, there is no reversible error in the trial court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a
copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and
that counsel has appropriately advised appellant of his right to review the record and file
a response to counsel's motion and brief. Appellant has filed a response to counsel's
motion and brief, raising one additional issue related to the adjudication proceeding.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). Moreover, in a deferred adjudication proceeding, appeal as to issues relating to the
original deferred adjudication proceeding must be appealed when the deferred adjudication
is first imposed. See Daniels v. State, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). 
Appellant did not do so. Thus, his notice of appeal was not timely to invoke appellate
jurisdiction to review the original proceedings. Id. An untimely notice of appeal will not
invoke the jurisdiction of the court of appeals. See White v. State, 61 S.W.3d 424, 428
(Tex.Crim.App. 2001). If an appeal is not timely perfected, a court of appeals does not
have jurisdiction to address the merits of the appeal, and can take no action other than to
dismiss the appeal. See id. Because appellant did not invoke our jurisdiction to consider
matters relating to his original deferred adjudication proceeding, we must dismiss the
appeal as to any such possible issues. See White, 61 S.W.3d at 428; Vidaurri, 49 S.W.3d
at 884-85. As to those matters unrelated to his original deferred adjudication proceeding,
the record does not support any arguably meritorious error which was harmful to appellant.

 The appeal is dismissed for lack of jurisdiction as to any issues relating to appellant's
original deferred adjudication proceeding. Appellant's counsel has moved for leave to
withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). 
We carried the motion for consideration with the merits of the appeal. Having found no
reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed as to any issues unrelated to the original deferred adjudication
proceeding. 

 Mackey K. Hancock

 Justice

Do not publish. 
1. Trial Cause No. 15,208-B's indictment actually includes two counts of Indecency
with a Child, both of which appellant pled guilty, and to which the trial court later
adjudicated appellant. However, the trial court treated that case as a single offense for
sentencing purposes.



eWhenUsed="false" Name="Medium List 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                             NO.
07-09-0060-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
16, 2010

                                            ______________________________

 

                                                        KENNETH LAWRENCE, 

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                            ______________________________

 

                      FROM THE 181ST
DISTRICT COURT OF RANDALL COUNTY;

 

                                NO. 19791-B;
HON. JOHN B. BOARD, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant
Kenneth Lawrence was convicted of failing to register as a sex offender after
pleading guilty.  On appeal, he contends
his plea was not knowing and voluntary because the trial court failed to
admonish him as to the range of punishment and the possible consequence of
deportation.  We affirm the judgment.

Appellant
originally opted for a jury to try him and assess his punishment if found
guilty.  Prior to voir dire, however, he
changed his mind and requested the trial court to assess punishment.  During trial, appellant changed his mind
again but this time about being tried. 
Consequently, he pled guilty.  The
trial court accepted the plea, but, before doing so, it failed to admonish appellant
about the range of punishment and the possibility of deportation if he was not
a United States citizen.  See Tex.
Code Crim. Proc. Ann. art.
26.13(a)(1) & (4) (Vernon Supp. 2009) (requiring
such admonishments).  Such a failure is
error.  See Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).  The error,
nevertheless, remains subject to a harm analysis under Rule 44.2(b) of the
Rules of Appellate Procedure.  Id.   

The
nature of the applicable harm analysis was most recently explained in Anderson v. State, 182 S.W.3d 914 (Tex.
Crim. App. 2006).  Like the case before
us, Anderson also involved the
failure to fully admonish one pleading guilty. 
Furthermore, the Court of Criminal Appeals reiterated that the issue is
whether the error affected the substantial rights of the defendant.  Id. at 918-19.  In
cases like that before us, this normally requires an investigation of the
record to determine with fair assurance whether the plea would have stayed the
same had the admonishment been given.  Id. at 919.  With that said, we turn to the record before
us.  

Regarding
the failure to admonish about deportation, the omission is harmless if the
record shows that the defendant is a United States citizen and, therefore, not
subject to deportation.  VanNortrick v. State, 227
S.W.3d 706, 709 (Tex. Crim. App. 2007).  
That is the situation here. 
According to a pen packet admitted into evidence, appellant was born in
Texas.  Since Texas remains part of the
United States, appellant was born a United States citizen and is not subject to
deportation.  Thus, this particular error
was harmless.  

As
for the failure to admonish about the range of punishment, the record reveals
that appellant was convicted of a 2nd degree felony, sentenced to
a prison term of ten years, and fined $1000. 
So too does it illustrate that appellant admitted, during the punishment
phase of the proceeding, that he understood the trial court could sentence
him to to jail anywhere up to ten years, place him on probation for up to
ten years, and assess any fine that he wants to.   Despite this knowledge, he wanted to make
amends and seek mercy from the trial court. 
So, he pled guilty and relied on the trial court to select his
sentence.  Moreover, the sentence
ultimately levied fell within the two to 20 year range applicable to second
degree felonies.   Tex. Penal Code Ann. '12.33 (Vernon Supp. 2009).  So too did the fine assessed fall under the
$10,000 maximum permitted by the same statute. 
Id.

Yet,
the record fails to indicate whether he knew that his prison term could have
exceeded ten years.  The presence of this
deficiency makes it difficult for us to determine, per Anderson, whether his plea would have differed had  been told that.  But, before we conclude that the error was
harmful, we must remember that Anderson
was attempting to explain how one was to apply Rule 44.2(b) to cases involving
the failure to admonish a defendant who pleads guilty.  In undertaking that explanation, the court
did not reject the actual wording of Rule 44.2(b).  Quite the contrary.  It initially specified that the issue is
whether, in a given case, the error affected substantial rights of the
defendant.  Anderson v. State, 182 S.W.3d at 918-19.  Given this, we can safely say that assessing
whether a defendants plea would have differed had the appropriate
admonishments be given is simply one, but not the sole, way of determining the
harmfulness of the type of error encompassed here.  We remain free to apply the words of Rule
44.2(b).  And, in doing so here, we
discover that appellants sentence fell within the range allowed by law, and
was much less than the permissible maximum.  
It is also clear that he received what he knew he could get; no more, no
less.  So, in the final analysis,
appellants right to be told the full range of punishment so that he could make
an informed decision was protected from injury by the trial court limiting
(whether intentionally or otherwise) his 
punishment to that about which he knew and was ready to accept.[1] 

Accordingly,
the issue is overruled, and the judgment is affirmed.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

Publish.











[1]To the extent that appellant argues he was not
afforded the admonishments relating to plea bargains, nothing of record
indicates that such a bargain existed. 
Rather, his desire to simply seek mercy from the trial court, coupled
with his acknowledgement that his sentence could range from probation to ten
years imprisonment allows one to reasonably conclude that there was no bargain
between the parties.  There being no
bargain, it therefore cannot be said that he was harmed by the lack of
admonishments regarding plea bargains and the trial courts authority to reject
them.