IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






Nos. PD-0590-06

& PD-0591-06






WILLIS DESHAUN REED, Appellant


v.


THE STATE OF TEXAS






On Discretionary Review of

Cases 05-03-00078-CR & 05-03-00079-CR

of the Fifth Court of Appeals, Dallas County





 Womack, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, and Cochran, JJ., joined. Meyers, J., did
not participate.



 Reed pleaded guilty to aggravated robbery and possession of a firearm by a felon. A jury found
him guilty and assessed his punishments. The Fifth Court of Appeals reversed those judgments and
remanded, holding that the trial court reversibly erred by failing to admonish the appellant regarding the
possible immigration consequences of his pleas. (1)

 The only issue that the State presented to this court for review is, "Whether the Court of
Appeals erred by resolving the harm analysis in Reed's favor solely because certain exhibits are missing
from the record without determining whether the missing exhibits were necessary for resolution of
Reed's appeal." In light of (1) the standard of harm that we established in another case while Reed's
appeal was pending and (2) the State's concession that the missing exhibits would not have shown
harmlessness, we decide that the Court of Appeals' judgment was correct.

The Previous Proceedings


 A grand jury presented two indictments against the appellant: one for aggravated robbery and
the other for unlawful possession of a firearm by a felon. The appellant pleaded guilty and elected to
have a jury assess punishment. (2)

 In accordance with the requirements of Article 26.13 of the Code of Criminal Procedure, the
trial court, prior to jury voir dire, admonished the appellant of the ranges of punishment for the two
offenses. (3) However, the court failed to give the required admonition "that if the defendant is not a citizen
of the United States of America, a plea of guilty or nolo contendere for the offense charged may result
in deportation, the exclusion from admission to this country, or the denial of naturalization under federal
law." (4)

 At the trial on punishment, the State offered Exhibits 3, 4, 5, and 6, which were admitted into
evidence. On the record, the prosecutor described State's Exhibits 3 and 5 as stipulations of the
appellant's two prior felony convictions. The prosecutor further described State's Exhibits 4 and 6 as
judgments of conviction and indictments for the same two felonies. Also during the punishment hearing,
the appellant himself testified that he had been convicted of, and served an eight-year sentence for, the
prior felonies. The jury found the appellant guilty of the two offenses and assessed punishment. Reed
appealed.

 The Court of Appeals abated the appeals to allow the trial court to determine the status of the
exhibits, most of which, including State's Exhibits 3, 4, 5, and 6, were missing from the appellate
record. (5) After reinstating the appeals, the Court concluded the exhibits were lost. (6) The appellant raised
three issues. First, he claimed the trial court erred by failing to give the admonition regarding the
immigration consequences of his plea. Second, he claimed the evidence was legally insufficient, in the
firearms possession case, to prove that he had been finally convicted of a prior felony. He argued that,
without the missing exhibits, his testimony taken alone was insufficient to prove the prior convictions.
Finally, he claimed that a significant portion of the record necessary to the appeal of the firearms
possession case was lost or destroyed through no fault of his own, which entitled him to a new trial. He
argued the exhibits were necessary to the appeal because, without them, he could not discover any
grounds for appeal, specifically an ineffective assistance claim based on trial counsel's failure to object
to inadmissible exhibits.

 The Court of Appeals held that the trial court reversibly erred in failing to give the admonition. (7)
The Court, in its harm assessment, rejected the State's assertion that the appellant's testimony that he
was from Fort Worth proved he was an undeportable citizen and so was not harmed by the trial court's
failure to admonish him. (8) Although the record gave hints that the appellant was probably a citizen, the
Court noted, there was nothing in the record to prove it. (9) The State's petition did not ask us to review
that decision.

 The Court of Appeals held that, without examining the missing exhibits, it could not determine
whether the documents would have shown the appellant's citizenship. (10) The Court therefore found the
insufficient record precluded a meaningful harm analysis and was compelled to conclude the appellant
was harmed. (11) The Court expressly stated that addressing the lost-record issue was unnecessary in light
of its resolution of the admonition issue. (12)

 In this court, the State argues the Court of Appeals, before deciding the appellant's issues,
should have determined whether the missing exhibits were necessary to the appeal under Rule of
Appellate Procedure 34.6(f), which entitles an appellant to a new trial under certain circumstances
when the reporter's record is lost and necessary to the appeal's resolution. (13) The Court then should
have determined the exhibits were not necessary to the appeal because they were unlikely to show that
Reed was a non-citizen.

 The State assumes that the standard of harm is that the error would be reversible only on such a
showing. This assumption is contrary to a decision that we made after granting the State's petition.

The Standard of Harm in VanNortrick v. State


 A few weeks after we granted review of Reed's cases, we granted review of VanNortrick v.
State, in which the same Court of Appeals had decided appeals from the same county in which a trial
court failed to give the statutorily-required admonition about the possible immigration consequences of
his guilty plea to a defendant who had a prior conviction. We have delivered our decision in
VanNortrick. (14) It supports the Court of Appeals' decision in Reed's cases.

 These cases involve failures to comply with Article 26.13 of the Code of Criminal Procedure,
which requires a trial court to admonish a defendant before accepting a plea of guilty (or nolo
contendere). In VanNortrick we applied a previous decision that a non-constitutional violation of
Article 26.13 is subject to a harm analysis under Rule of Appellate Procedure 44.2(b) for errors other
than constitutional error. (15) According to this standard, any error affecting a defendant's substantial
rights is not harmless. Contrary to the State's claim in this appeal, there is no burden on either party to
show harm or harmlessness. (16) The essential question in determining harm is, "[C]onsidering the record
as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have
changed had the court admonished him?" (17)

 In VanNortrick, we found three issues should be considered in the "fair assurance" analysis:
whether the defendant knew the consequences of his plea, the strength of the evidence of guilt, and the
defendant's citizenship. (18)

 On the first issue in VanNortrick, the record was silent on the immigration consequences of a
guilty plea, from which, we said, we might not infer that the defendant was aware of the consequences
of his plea. (19)

 On the second issue in VanNortrick, we said that the strength or weakness of the evidence of
guilt has little relevance when coupled with a finding that the defendant was not aware of the consequences of his plea. (20)

 Finally, we looked to a defendant's citizenship. Before VanNortrick was decided, we had held
that the failure to admonish on the immigration consequences of a guilty plea is harmless error when the
record shows a defendant is a United States citizen. (21) "This is so because such a defendant is not
subject to deportation, the threat of which could not have influenced that defendant's decision to plea
guilty." (22) We had also found the error is not harmless when the record shows the defendant is not a
United States citizen. (23) In VanNortrick, we held that when the record is either silent on citizenship or
insufficient to determine citizenship, the trial court's failure to admonish a defendant on the immigration
consequences of a guilty plea establishes harm. (24) The reason for this is that we cannot have a fair
assurance that the defendant's decision to plead guilty would not have changed had he been admonished properly. (25)

Application of VanNortrick to Reed's Cases


 In the present case, as in VanNortrick, not only did the trial court fail to admonish the appellant
properly, but the record contains no other references to any of the immigration consequences of
conviction. Therefore, we may not infer that the appellant knew about the consequences of his guilty
plea. As that is the case here, we need not discuss the evidence against the appellant. 

 On the final issue, citizenship, the State's ground for review assumes that the Court of Appeals
should have decided that the missing exhibits -- the records of prior convictions -- were unnecessary
to the appeal because they were unlikely to help the appellant show that he was unaware of the
deportation consequences of his plea. But we did not hold in VanNortrick that the burden was on a
defendant to make such a showing. We held that if the record did not show that the defendant were a
citizen of the United States, the failure to admonish him on the immigration consequences of conviction
could not be held harmless.

 It could be possible in a particular case that conviction records might contain evidence that a
defendant was a citizen of the United States. Rule of Appellate Procedure 34.6(f) allows lost exhibits to
be reproduced or replaced, a task which should not have been prohibitively difficult in this case. But the
State has conceded that the records in this case are unlikely to have such evidence: "Significant portions
of the missing exhibits were read into the record, and it appears that they would not have shed any light
on Reed's admonishment issue because they do not indicate whether Reed was a United States
citizen." (26)

 Because of our holding in VanNortrick that a silent record on citizenship will not support a
finding of harmlessness, the absence of the exhibits was properly held to be no obstacle to the
resolution of this appeal.

 We hold that the Court of Appeals did not err in deciding Reed's cases without further
reference to the missing exhibits.

 We affirm the judgments of the Court of Appeals.


Delivered October 10, 2007.

Do not publish.
1. Reed v. State, No. 05-03-00078-CR, 2006 Tex. App. LEXIS 2525 (Tex. App.-Dallas Mar. 30, 2006) (not
designated for publication); Reed v. State, No. 05-03-00079-CR, 2006 Tex. App. LEXIS 2547 (Tex. App.-Dallas Mar.
30, 2006) (not designated for publication).
2. See Code Crim. Proc. art. 37.07, § 2(b).
3. Code Crim. Proc. art. 26.13(a) also requires a trial court to admonish a defendant of the effects of a plea-bargain agreement, sex-offender registration, and potential immigration consequences, prior to his plea of guilty or
nolo contendere.
4. Id., at (a)(4).
5. See Reed v. State, No. 05-03-00078-CR, No. 05-03-00079-CR, 2005 Tex. App. LEXIS 1522, at *3-4 (Tex.
App.-Dallas Feb. 25, 2005) (not designated for publication).
6. Id., at *4.
7. Reed, 2006 Tex. App. LEXIS 2525, at *1, *3; Reed, 2006 Tex. App. LEXIS 2547, at *1, *3. The two opinions
are identical in all respects but one: the opinion relating to the firearms possession case adds an analysis of the legal
sufficiency issue, which was not raised on petition to this court. The Court of Appeals found the evidence of the
appellant's prior convictions legally sufficient, despite the lost exhibits.
8. Reed, 2006 Tex. App. LEXIS 2525, at *4-6; Reed, 2006 Tex. App. LEXIS 2547, at *5-6.
9. Reed, 2006 Tex. App. LEXIS 2525, at *5; Reed, 2006 Tex. App. LEXIS 2547, at *5.
10. Reed, 2006 Tex. App. LEXIS 2525, at *5; Reed, 2006 Tex. App. LEXIS 2547, at *5.
11. Reed, 2006 Tex. App. LEXIS 2525, at *5-6; Reed, 2006 Tex. App. LEXIS 2547, at *5-6.
12. Reed, 2006 Tex. App. LEXIS 2525, at *6; Reed, 2006 Tex. App. LEXIS 2547, at *8.
13. Rule of Appellate Procedure 34.6(f) provides:


An appellant is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit . . . has been lost or destroyed . . . ;

(3) if the . . . lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the . . . lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined
by the trial court to accurately duplicate with reasonable certainty the original exhibit. 
14. 227 S.W.3d 706 (Tex. Cr. App. 2007).
15. Id., at 708 (citing Carranza v. State, 980 S.W.2d 653, 656-57 (Tex. Cr. App. 1998)).
16. Anderson v. State, 182 S.W.3d 914, 918, 919 (Tex. Cr. App. 2006); Burnett v. State, 88 S.W.3d 633, 638
(Tex. Cr. App. 2002).
17. Anderson, 182 S.W.3d, at 919.
18. 227 S.W.3d, at 712.
19. Ibid.
20. Id., at 713.
21. Cain v. State, 947 S.W.2d 262, 264 (Tex. Cr. App. 1997).
22. VanNortrick, 227 S.W.3d, at 709.
23. Carranza v. State, 980 S.W.2d 653, 658 (Tex. Cr. App. 1998).
24. VanNortrick, 227 S.W.3d, at 714.
25. Ibid.
26. State's Brief, at 7-8.