COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-045-CR

 

 

MICHAEL DEWAYNE RIVERA                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction








Appellant Michael Dwayne
Rivera was indicted for the felony offense of intoxication manslaughter.  At trial, after the prosecutor read the
indictment aloud, Rivera entered a plea of guilty.  Rivera also entered a plea of true to the
deadly weapon allegation.  The jury
assessed punishment at ten years= imprisonment.  

II.
Failure to Admonish 

In his sole point, Rivera
argues that his plea of guilty was involuntary because the trial court failed
to admonish him as to the range of punishment attached to the offense of
intoxication manslaughter as required by article 26.13(a)(1) of the Texas Code
of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp.
2005).  The State concedes that the trial
court failed to admonish Rivera of the punishment range of the charged offense,
but argues that the error was harmless. 








A trial court errs if it
accepts a defendant=s guilty
plea without admonishing him on the punishment range for his offense.  See Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).  Failure to
admonish is a statutory error.  See
Aguirre-Mata v. State, 992 S.W.2d 
495, 499 (Tex. Crim. App. 1999). 
Accordingly, we must examine the record in Rivera=s case to determine if the error affected his substantial rights.  See Hwang v. State, 130 S.W.3d 496,
499 (Tex. App.CDallas 2004,
pet. ref'd); see also Tex. R.
App. P. 44.2(b).  If the error did
not affect Rivera=s
substantial rights, we must disregard it. 
See Hwang, 130 S.W.3d at 499.  To warrant a reversal on direct appeal, the
record must support an inference that appellant did not know the consequences
of his plea.  Burnett, 88 S.W.3d
at 638.  A silent record may support such
an inference.  Hwang, 130 S.W.3d
at 499.  The critical inquiry is whether
the trial court's failure to admonish Rivera materially affected his decision
to plead guilty to the charge.  See id.
at 499‑500.  Thus, we must examine
the record for indications that Rivera was not aware of the consequences of his
plea and was misled or harmed by the trial court's failure to admonish
him.  Id. at 500.  The record in Rivera=s case contains no such indications.

To the contrary, Rivera was
present during the jury selection process when the venire was questioned and
qualified regarding the full range of punishment for the charged offense.  Rivera also testified on direct examination
that he knew the range of punishment for the charged offense and, during
cross-examination, he admitted that he knew that the jury could sentence him to
as much as twenty years in prison.[2]  Nothing in the record indicates that Rivera
was unaware of the punishment consequences of his plea or was misled by the
trial court=s failure to
admonish him on the punishment range of the offense.  See id.  








In considering the effect of
the court's error on Rivera=s decision to plead guilty, we also consider the strength of the
evidence of guilt.  Anderson v. State,
182 S.W.3d 914, 920 (Tex. Crim. App. 2006).

Larry Scott Alford testified
that on October 18, 2002, he observed an Acura Legend driving down Highway 121
at around 2:15 a.m. at a rapid, extremely erratic pace.  Rivera was driving this vehicle.  Alford described the vehicle as being Aall over the road.@  A short time later, Alford
came upon the debris of a multi-vehicle collision.  The Acura that had passed him earlier was one
of the vehicles involved.  Alford was
able to brake and avoid hitting the wrecked vehicles. But the car traveling
behind him, a Mazda Protege, was unable to avoid the collision and hit Rivera=s Acura head-on. 

The driver of the Mazda
Protege was Phillip Wooldridge. 
Wooldridge was pinned in the wreckage and later died from the injuries
he sustained during the collision.  An
accident reconstruction expert stated that Rivera was the cause of both wrecks
and that Wooldridge could not have avoided the collision.  Additionally, Rivera testified that he had
been drinking at a strip club on the night of the accident.  He stated that he had consumed five or six drinks
of rum and coke.  








Considering the record as a
whole, we have fair assurance that no substantial right of Rivera=s was affected by the trial court's error in failing to admonish him
regarding the range of punishment and that Rivera=s decision to plead guilty would not have changed had the trial court
properly admonished him.  See id. at
921.  Under the standard of Texas Rule of
Appellate Procedure 44.2(b), the error was harmless.  Tex. R. App. P. 44.2(b).  Therefore, we overrule Rivera=s point.

III.
Conclusion 

Having overruled Rivera=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    MCCOY, J; CAYCE, C.J.; and WALKER, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 4, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Intoxication manslaughter is a
second degree felony and carries a range of punishment of not more than twenty
years nor less than two years of imprisonment. 
See Tex. Pen. Code Ann.
'' 12.33, 49.08 (Vernon 2003).