Reversed and Remanded and Opinion filed November 6, 2007








Reversed and
Remanded and Opinion filed
November 6, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00883-CR

____________

 

CHRISTOPHER JAMES KELLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1062628

 



 

O P I N I O N

Appellant entered a plea of guilty to the offense of
aggravated sexual assault of a child.  He was convicted and the jury assessed
punishment at twenty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  In two issues, appellant contends
the trial court erred in (1) failing to fully admonish him as to the
consequences of his guilty plea, and (2) overruling his objection to the
prosecutor=s closing argument.  We reverse and remand to the
trial court.








Prior to the commencement of voir dire, appellant entered a
plea of guilty to the offense of aggravated sexual assault, and elected to have
the jury assess punishment.  The trial court admonished appellant of his rights
and made inquiries into appellant=s mental
competence and the voluntariness of his plea.  Article 26.13 of the Code of
Criminal Procedure requires the trial court to admonish a defendant, prior to
his plea of guilty or nolo contendere, about the range of punishment for the
offense, potential effects of a plea-bargain agreement, and a
sex-offender-registration requirement.  The court must also admonish the defendant
of Athe fact that if
the defendant is not a citizen of the United States of America, a plea of
guilty or nolo contendere for the offense charged may result in deportation,
the exclusion from admission to this country, or the denial of naturalization
under federal law.@  Tex.
Code Crim. Proc. Ann. Art. 26.13(a)(4).  It is undisputed that the trial
court failed to admonish appellant as to the deportation consequences of his
plea.  The trial court erred in failing to admonish appellant about the
deportation consequences of his plea.  See Hwang v. State, 130 S.W.3d
496, 499 (Tex. App.CDallas 2004, pet. ref=d).

A
nonconstitutional violation of article 26.13 is subject to a harm analysis
under Rule of Appellate Procedure 44.2(b).  Aguirre-Mata v. State, 125
S.W.3d 473, 473 (Tex. Crim. App. 2003).  The essential question in determining
harm is, A[C]onsidering the record as a whole, do we have a fair assurance that the
defendant=s decision to plead guilty would not have changed had the court
admonished him?@  Anderson v. State, 182 S.W.3d 914, 919 (Tex. Crim.
App. 2006).  Three issues should be considered in the Afair assurance@ analysis: (1) whether the defendant
knew the consequences of his plea, (2) the strength of the evidence of guilt,
and (3) the defendant=s citizenship.  Vannortrick v. State, 227
S.W.3d 706, 712 (Tex. Crim. App. 2007).








On the
first issue, the record is silent on the immigration consequences of appellant=s guilty plea.  When the record is
silent regarding the consequences of conviction in the context of a guilty
plea, the court must infer that the defendant did not know the consequences of
his plea.  Id. at 710B11.  We cannot infer from a silent record that the defendant
was aware of the consequences of his plea.  Id.  On the second issue,
the strength or weakness of the evidence of guilt has little relevance when
coupled with a finding that the defendant was not aware of the consequences of
his plea.  Id. at 713.

Finally,
we look to appellant=s citizenship.  When the record shows a defendant to be a
United States citizen, the trial court=s failure to admonish him on the
immigration consequences of his guilty plea is harmless error.  Id. at
709.  An appellate court can draw reasonable inferences from the record about
an appellant=s citizenship and immigration status when determining harm from the trial
court=s failure to give the deportation
admonition.  Id. 

There is
no definitive evidence in the record that appellant is a United States
citizen.  There is a document in the record entitled, AProbable Cause for Further Detention
& Statutory Warnings by Magistrate.@  That document contains a section
that states, AIf you are not a United States citizen, you may be entitled to have us
notify your country=s consular representative here in the United States.  Do you
want us to notify your country=s consular officials?@  There is also a section, which
requests that if the accused is a foreign national, he provide his family=s names, date of birth, place of
birth, and passport information.  Both sections of the form are blank.

In
determining whether this blank form is sufficient to determine whether
appellant is a United States citizen, it is helpful to look at other cases that
have conducted similar analyses.  In Vannortrick, the defendant had been
previously convicted of a felony in another state.  The State argued that if
the defendant was not a United States citizen, he would have been deported
following his conviction in the other state.  The Court of Criminal Appeals
rejected that argument, finding there could be any number of reasons why the
defendant was not deported following his conviction.  Id. at 711. 








In Sotero
v. State, 05-06-00504-CR 2007 WL 155113 *1 (Tex. App.CDallas 2007, no pet.), the court
found that an arraignment sheet from a prior conviction was sufficient to show
that the defendant was a United States citizen.  The arraignment sheet had a
box checked stating, AThe person arrested stated that he is a citizen of the United
States of America[.]@

In Reed
v. State, 2006 WL 941817 (Tex. Crim. App. October 10, 2007), the State
argued that the record was sufficient to show the defendant was a United States
citizen because the defendant said he was Afrom Fort Worth, Texas.@  The court rejected the State=s argument because the statement
alone was not sufficient, and portions of the record were missing, which may or
may not have established the defendant=s citizenship.

The
blank portion of the arraignment sheet in this case is analogous to the prior
conviction in Vannortick.  There could be any number of reasons the form
was left blank.  There is no evidence in the record that appellant read the
form or it was read to him. The State argues that the Anotification of consular@ question, by its express language,
requires an answer only if the defendant is not a United States citizen.  We do
not read such a requirement in the language of the question.  We cannot infer
from the record that appellant was required to answer the question and that by
leaving it blank he affirmatively represented that he is a United States
citizen.

Because
we cannot know whether appellant is a United States citizen, it is impossible
to determine with any certainty whether his decision to plead guilty would have
changed had he been properly admonished.  Accordingly, we cannot have a fair
assurance that appellant=s decision to plead guilty would not have changed had he been
admonished; therefore, the error is not harmless.  When the trial court fails
to admonish a defendant about the immigration consequences of his guilty plea,
a silent record on citizenship, or a record that is insufficient to determine
citizenship, establishes harm by the standard of Rule 44.2(b).  Vannortrick,
227 S.W.3d at 714.  We sustain appellant=s first issue.








 

In his
second issue, appellant contends the trial court erred in overruling his
objection to the prosecutor=s closing argument.  Because we have sustained appellant=s first issue, which requires remand
to the trial court, we need not address appellant=s second issue.

We
reverse the judgment of the trial court and remand the cause for a new trial.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed November 6, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Publish C Tex. R. App. P. 47.2(b).