IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,893-03






EX PARTE DALE EDWARD STIVERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 905487-A IN THE 182ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
kidnapping and sentenced to eight years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was not admonished as required
by Texas Code of Criminal Procedure Article 26.13 regarding sex offender registration requirements
despite pleading guilty to a reportable offense. Applicant also alleges that trial counsel was
ineffective for failing to discuss sex offender registration with him. Applicant has alleged facts that,
if true, might entitle him to relief. See Anderson v. State, 182 S.W.3d 914 (Tex. Crim. App. 2006);
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary by determining the following: (1) whether Applicant did in fact
know of the sex offender registration requirements and (2) whether Applicant would have gone to
trial rather than pleading guilty if he had been aware of the sex offender registration requirements. 
 The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 30, 2008

Do not publish