# NO. 12-09-00083-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHASE JEFFERY,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Chase Jeffery appeals his conviction for burglary of a habitation, for which he was sentenced to imprisonment for forty years. In one issue, Appellant argues that he was not properly admonished concerning the possibility of his deportation as a result of his guilty plea. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery and burglary of a habitation. Appellant pleaded "guilty" to burglary of a habitation and attempted robbery, and the matter proceeded to a bench trial on punishment. Ultimately, the trial court assessed Appellant's punishment at imprisonment for forty years. This appeal followed.

## ADMONISHMENT CONCERNING POSSIBILITY OF DEPORTATION

In his sole issue, Appellant argues that the trial court failed to properly admonish him concerning the possibility of his being deported as a consequence of his guilty plea. The State argues, among other things, that Appellant was not harmed as a result of this alleged error.

A trial court's admonitions to and inquiries of a defendant prior to his plea of guilty serve to

protect several constitutional rights. *See VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). They assure the court that the defendant's waiver of these rights in entering a guilty plea comports with due process, that is, the waiver was made voluntarily and with knowledge of the consequences of the plea. *Id.* Texas Code of Criminal Procedure, article 26.13 is designed to provide these constitutional assurances. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 2009). The article 26.13 admonitions, however, are not themselves constitutionally required. *VanNortrick*, 227 S.W.3d at 708. Accordingly, the failure to admonish a defendant regarding the immigration consequences of his plea is nonconstitutional error. *Id.*

For this particular error, the statute itself provides guidance: "In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE. CRIM. PROC. ANN. art 26.13(c) (Vernon 2009). We review for "substantial compliance" with the statutory requirement. *VanNortrick*, 227 S.W.3d at 708. "To claim that an admonishment was in substantial compliance even though it was never given is a legal fiction." *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

Yet, even assuming arguendo that the trial court failed to substantially comply with article 26.13, such a nonconstitutional violation of the statute is subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See VanNortrick*, 227 S.W.3d at 708. "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). If the error affected substantial rights, then it is not harmless. *VanNortrick*, 227 S.W.3d at 708.

In order to decide whether the trial court's error affected substantial rights, we must conduct an independent examination of the record as a whole. *See id.* There is no burden on either party to prove harm or harmlessness resulting from the error. *See Anderson v. State*, 182 S.W.3d 914, 918-919 (Tex. Crim. App. 2006). Moreover, we conduct this analysis by looking for "indications that a defendant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to admonish him." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). The critical question is, "[C]onsidering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court

admonished him?" *Anderson*, 182 S.W.3d at 919.

When the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error. *VanNortrick*, 227 S.W.3d at 709. This is so because such a defendant is not subject to deportation, and therefore the threat of deportation could not have influenced that defendant's decision to plead guilty. *Id.*

In the case at hand, the presentence investigation ("PSI") report considered by the trial court prior to sentencing Appellant includes a section entitled "DEFENDANT INFORMATION." In that section, Appellant is identified as an African American male, born in Henderson, Texas. Furthermore, Appellant's "Citizenship" is expressly designated as "U.S." Thus, the record reflects that Appellant is a United States citizen. *See, e.g., Ashby v. State*, No. 03-08-00414-CR, 2008 WL 4753711, at *1 (Tex. App.–Austin Oct. 31, 2008, no pet.) (mem. op., not designated for publication) (appellate court relied on PSI report, which the trial court considered, in determining the appellant's citizenship status for the purposes of harm analysis). Consequently, the trial court's error, if any, was harmless. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

    JAMES T. WORTHEN

Chief Justice

Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3