NO. 07-09-0060-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 FEBRUARY 16, 2010
 ______________________________

 KENNETH LAWRENCE,

 Appellant

 v.

 THE STATE OF TEXAS,

 Appellee
 ______________________________

 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 19791-B; HON. JOHN B. BOARD, PRESIDING
 ______________________________

 Opinion
 ______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Appellant Kenneth Lawrence was convicted of failing to register as a
sex offender after pleading guilty. On appeal, he contends his plea was
not knowing and voluntary because the trial court failed to admonish him as
to the range of punishment and the possible consequence of deportation. We
affirm the judgment.
 Appellant originally opted for a jury to try him and assess his
punishment if found guilty. Prior to voir dire, however, he changed his
mind and requested the trial court to assess punishment. During trial,
appellant changed his mind again but this time about being tried.
Consequently, he pled guilty. The trial court accepted the plea, but,
before doing so, it failed to admonish appellant about the range of
punishment and the possibility of deportation if he was not a United States
citizen. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) & (4) (Vernon
Supp. 2009) (requiring such admonishments). Such a failure is error. See
Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). The error,
nevertheless, remains subject to a harm analysis under Rule 44.2(b) of the
Rules of Appellate Procedure. Id.
 The nature of the applicable harm analysis was most recently explained
in Anderson v. State, 182 S.W.3d 914 (Tex. Crim. App. 2006). Like the case
before us, Anderson also involved the failure to fully admonish one
pleading guilty. Furthermore, the Court of Criminal Appeals reiterated
that the issue is whether the error affected the substantial rights of the
defendant. Id. at 918-19. In cases like that before us, this normally
requires an investigation of the record to determine with fair assurance
whether the plea would have stayed the same had the admonishment been
given. Id. at 919. With that said, we turn to the record before us.
 Regarding the failure to admonish about deportation, the omission is
harmless if the record shows that the defendant is a United States citizen
and, therefore, not subject to deportation. VanNortrick v. State, 227
S.W.3d 706, 709 (Tex. Crim. App. 2007). That is the situation here.
According to a pen packet admitted into evidence, appellant was born in
Texas. Since Texas remains part of the United States, appellant was born a
United States citizen and is not subject to deportation. Thus, this
particular error was harmless.
 As for the failure to admonish about the range of punishment, the
record reveals that appellant was convicted of a "2nd degree felony,"
sentenced to a prison term of ten years, and fined $1000. So too does it
illustrate that appellant admitted, during the punishment phase of the
proceeding, that he "understood" the trial court could sentence him "to
jail anywhere up to ten years," place him on probation for "up to ten
years," and "assess any fine that he wants to." Despite this knowledge,
he wanted to "make amends" and seek "mercy" from the trial court. So, he
pled guilty and relied on the trial court to select his sentence.
Moreover, the sentence ultimately levied fell within the two to twenty year
range applicable to second degree felonies. Tex. Penal Code Ann. '12.33
(Vernon Supp. 2009). So too did the fine assessed fall under the $10,000
maximum permitted by the same statute. Id.
 Yet, the record fails to indicate whether he knew that his prison term
could have exceeded ten years. The presence of this deficiency makes it
difficult for us to determine, per Anderson, whether his plea would have
differed had he been told that. But, before we conclude that the error was
harmful, we must remember that Anderson was attempting to explain how one
was to apply Rule 44.2(b) to cases involving the failure to admonish a
defendant who pleads guilty. In undertaking that explanation, the court
did not reject the actual wording of Rule 44.2(b). Quite the contrary. It
initially specified that the "issue is whether, in a given case, the error
affected substantial rights" of the defendant. Anderson v. State, 182
S.W.3d at 918-19. Given this, we can safely say that assessing whether a
defendant's plea would have differed had the appropriate admonishments been
given is simply one, but not the sole, way of determining the harmfulness
of the type of error encompassed here. We remain free to apply the words
of Rule 44.2(b). And, in doing so here, we discover that appellant's
sentence fell within the range allowed by law, and was much less than the
permissible maximum. It is also clear that he received what he knew he
could get; no more, no less. So, in the final analysis, appellant's right
to be told the full range of punishment so that he could make an informed
decision was protected from injury by the trial court limiting (whether
intentionally or otherwise) his punishment to that about which he knew and
was ready to accept.[1]
 Accordingly, the issue is overruled, and the judgment is affirmed.

 Brian Quinn
 Chief Justice

 Publish.
-----------------------
 [1]To the extent that appellant argues he was not afforded the
admonishments relating to plea bargains, nothing of record indicates that
such a bargain existed. Rather, his desire to simply seek "mercy" from the
trial court, coupled with his acknowledgement that his sentence could range
from probation to ten years imprisonment allows one to reasonably conclude
that there was no bargain between the parties. There being no bargain, it
therefore cannot be said that he was harmed by the lack of admonishments
regarding plea bargains and the trial court's authority to reject them.