NO.
07-09-0060-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
16, 2010

                                            ______________________________

 

                                                        KENNETH LAWRENCE, 

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

Appellee

                                            ______________________________

 

                      FROM THE 181ST
DISTRICT COURT OF RANDALL COUNTY;

 

                                NO. 19791-B;
HON. JOHN B. BOARD, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant
Kenneth Lawrence was convicted of failing to register as a sex offender after
pleading guilty.  On appeal, he contends
his plea was not knowing and voluntary because the trial court failed to
admonish him as to the range of punishment and the possible consequence of
deportation.  We affirm the judgment.

Appellant
originally opted for a jury to try him and assess his punishment if found
guilty.  Prior to voir dire, however, he
changed his mind and requested the trial court to assess punishment.  During trial, appellant changed his mind
again but this time about being tried. 
Consequently, he pled guilty.  The
trial court accepted the plea, but, before doing so, it failed to admonish appellant
about the range of punishment and the possibility of deportation if he was not
a United States citizen.  See Tex.
Code Crim. Proc. Ann. art.
26.13(a)(1) & (4) (Vernon Supp. 2009) (requiring
such admonishments).  Such a failure is
error.  See Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).  The error,
nevertheless, remains subject to a harm analysis under Rule 44.2(b) of the
Rules of Appellate Procedure.  Id.   

The
nature of the applicable harm analysis was most recently explained in Anderson v. State, 182 S.W.3d 914 (Tex.
Crim. App. 2006).  Like the case before
us, Anderson also involved the
failure to fully admonish one pleading guilty. 
Furthermore, the Court of Criminal Appeals reiterated that the issue is
whether the error affected the substantial rights of the defendant.  Id. at 918-19.  In
cases like that before us, this normally requires an investigation of the
record to determine with fair assurance whether the plea would have stayed the
same had the admonishment been given.  Id. at 919.  With that said, we turn to the record before
us.  

Regarding
the failure to admonish about deportation, the omission is harmless if the
record shows that the defendant is a United States citizen and, therefore, not
subject to deportation.  VanNortrick v. State, 227
S.W.3d 706, 709 (Tex. Crim. App. 2007).  
That is the situation here. 
According to a pen packet admitted into evidence, appellant was born in
Texas.  Since Texas remains part of the
United States, appellant was born a United States citizen and is not subject to
deportation.  Thus, this particular error
was harmless.  

As
for the failure to admonish about the range of punishment, the record reveals
that appellant was convicted of a “2nd degree felony,” sentenced to
a prison term of ten years, and fined $1000. 
So too does it illustrate that appellant admitted, during the punishment
phase of the proceeding, that he “understood” the trial court could sentence
him to “to jail anywhere up to ten years,” place him on probation for “up to
ten years,” and “assess any fine that he wants to.”   Despite this knowledge, he wanted to “make
amends” and seek “mercy” from the trial court. 
So, he pled guilty and relied on the trial court to select his
sentence.  Moreover, the sentence
ultimately levied fell within the two to 20 year range applicable to second
degree felonies.   Tex. Penal Code Ann. '12.33 (Vernon Supp. 2009).  So too did the fine assessed fall under the
$10,000 maximum permitted by the same statute. 
Id.

Yet,
the record fails to indicate whether he knew that his prison term could have
exceeded ten years.  The presence of this
deficiency makes it difficult for us to determine, per Anderson, whether his plea would have differed had  been told that.  But, before we conclude that the error was
harmful, we must remember that Anderson
was attempting to explain how one was to apply Rule 44.2(b) to cases involving
the failure to admonish a defendant who pleads guilty.  In undertaking that explanation, the court
did not reject the actual wording of Rule 44.2(b).  Quite the contrary.  It initially specified that the “issue is
whether, in a given case, the error affected substantial rights” of the
defendant.  Anderson v. State, 182 S.W.3d at 918-19.  Given this, we can safely say that assessing
whether a defendant’s plea would have differed had the appropriate
admonishments be given is simply one, but not the sole, way of determining the
harmfulness of the type of error encompassed here.  We remain free to apply the words of Rule
44.2(b).  And, in doing so here, we
discover that appellant’s sentence fell within the range allowed by law, and
was much less than the permissible maximum.  
It is also clear that he received what he knew he could get; no more, no
less.  So, in the final analysis,
appellant’s right to be told the full range of punishment so that he could make
an informed decision was protected from injury by the trial court limiting
(whether intentionally or otherwise) his 
punishment to that about which he knew and was ready to accept.[1] 

Accordingly,
the issue is overruled, and the judgment is affirmed.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

Publish.











[1]To the extent that appellant argues he was not
afforded the admonishments relating to plea bargains, nothing of record
indicates that such a bargain existed. 
Rather, his desire to simply seek “mercy” from the trial court, coupled
with his acknowledgement that his sentence could range from probation to ten
years imprisonment allows one to reasonably conclude that there was no bargain
between the parties.  There being no
bargain, it therefore cannot be said that he was harmed by the lack of
admonishments regarding plea bargains and the trial court’s authority to reject
them.