COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SERGIO MORAN, | § | No. 08-09-00180-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 210th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20080D06047) |
| | § | |
| | | |
| | § | |

**O P I N I O N**

Sergio Moran was convicted of burglary of habitation. He entered a plea of guilty to the offense and plead "true" to the enhancement paragraph. The jury sentenced the Appellant to 20 years' imprisonment. On appeal, he raises a single issue in which he contends that he did not enter his plea voluntarily based upon the trial court's failure to properly admonish him regarding the applicable range of punishment.

Appellant went before the court on June 8, 2009, and entered a plea of "guilty" to the charged offense, burglary of habitation. Upon questioning, the Appellant confirmed his status as to his competency and affirmed his entering of the guilty plea freely and voluntarily. The court, however, did not inquire about or mention the applicable punishment range for the charge.

The court proceeded to question the Appellant about his awareness of a prior felony conviction in addition to the offense in the indictment. Appellant stated his understanding of the enhancement paragraph regarding his prior offense and plead "true" to the paragraph.

Sentencing occurred immediately following the Appellant's "true" plea. Before the trial court charged the jury, the trial court re-admonished the Appellant regarding the voluntariness of his plea (including the applicable punishment range). Appellant repeated his desire to plead guilty, even when informed he could withdraw his plea of guilty and opt for a trial by jury. The court accepted the Appellant's guilty plea, as well as his plea to the enhancement. The jury sentenced the Appellant to twenty years' imprisonment.

A trial court's failure to properly admonish a defendant is non-constitutional error, subject to the harm analysis of Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Bessey v. State*, 239 S.W.3d 809, 813 (Tex.Crim.App. 2007); *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex.Crim.App. 2007). When applying Rule 44.2(b) to an alleged failure to admonish, the court considers the records as a whole to determine whether the error affected the defendant's substantial rights. *Anderson v. State*, 182 S.W.3d 914, 918 (Tex.Crim.App. 2006). The central inquiry to determine if the defendant's substantial rights have been harmed is, considering the record as a whole, does the reviewing court have a "fair assurance" that the defendant's decision to plead guilty would not have changed had the trial court properly admonished him. *Anderson*, 182 S.W.3d at 919.

In this case, the record demonstrates that although the trial court initially omitted the applicable range of punishment in its admonishments, the court re-admonished Appellant, including the range of punishment and offered to allow Appellant to withdraw his plea. Appellant re-affirmed his guilty plea following the full admonishment. Based on this record there is a fair assurance that Appellant's decision to plead guilty was not harmed by the trial court's initial admonishment, and the error was harmless. Accordingly Issue One is overruled.

Finally, we note that the judgment reflects "N/A" as to the findings on the enhancement paragraph and as to Appellant's plea to the enhancement paragraph. These are clerical errors that we have the authority to reform. *See* TEX.R.APP.P. 43.2(b). We reform the judgment to show a plea and finding of "true" to the enhancement paragraph.

Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment as reformed.

March 30, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)