NOS. 07-12-00008-CR, 07-12-00009-CR, 07-12-00010-CR,
07-12-00011-CR, 07-12-00012-CR, 07-12-00013-CR,
07-12-00014-CR, 07-12-00015-CR, 07-12-00016-CR,
07-12-00017-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 30, 2012

_____

ALEX RAY FOX, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NOS. 8646, 8647, 8648, 8649, 8650, 8651, 8652, 8653, 8654, 8655;

HONORABLE LEE WATERS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Alex Ray Fox appeals from his ten convictions for the offense of possession of child pornography following his plea of guilty. The court assessed punishment in each case at ten years of confinement in the Texas Department of Criminal Justice-Institutional Division, to run concurrently. Through one issue, appellant complains of the trial court's failure to admonish him that his guilty plea would result in the requirement that he register as a sex offender. He argues that the statute barring

reversal on that ground violates the constitutional mandate for separation of powers and his convictions therefore cannot stand. We will affirm his convictions.

## Background

Appellant was charged via indictment in each of the ten cases with possession of child pornography with the intent to promote it.[1] He entered an open plea of guilty to each of the ten offenses, and waived his right to trial by jury. He also filed an application for community supervision. Before accepting his pleas, the trial court admonished appellant concerning the range of punishment, inquired as to his competency, and addressed appellant's citizenship. The court also considered documents including a stipulation of evidence. It accepted appellant's pleas of guilty and proceeded to hear punishment evidence.

## Analysis

The State acknowledges the trial court failed to give appellant the statutorily-required admonishment that his pleas of guilty would result in the requirement that he register as a sex offender.[2] Appellant acknowledges that statute bars reversal for that

---

[1] Tex. Penal Code Ann. § 43.26 (West 2011).

[2] *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(5) (West 2011) (providing that prior to accepting a plea of guilty the court shall admonish the defendant of "the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter").

reason,[3] but argues the statute violates the Texas constitution's separation of powers provision.[4]    The State responds that appellant cannot show he was injured by application of the statute to him, and for that reason the Court should not reach his constitutional contention.

We agree with the State's analysis.  Before a court decides an issue involving the constitutionality of a statute, it must first assure itself that the party raising such a claim has presently been injured by the statute. *Meshell v. State,* 739 S.W.2d 246, 250 (Tex.Crim.App. 1987); *Ex parte Salfen*, 618 S.W.2d 766, 770 (Tex.Crim.App. 1981) ("well-settled" that constitutionality of statute will not be determined unless "absolutely necessary" to decide case); *see Cortez v. State*, No. 13-10-0616-CR, 2012 Tex. App. LEXIS 6394, *3-5 (Tex.App.—Corpus Christi August 2, 2012, no pet.) (mem. op., not designated for publication) (declining to address constitutional challenges because appellant was convicted under penal code provisions other than those challenged).[5]

Appellant would have been injured by article 26.13(h) if it deprived him of a meritorious appellate issue; that is, if the trial court's failure to admonish him in

_____

[3] *See* Tex. Code Crim. Proc. Ann. art. 26.13(h) (West 2011) ("[t]he failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea").

[4] See Tex. Const. art. II, § 1.

[5] The concept is not limited to criminal cases.  *See, e.g., In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 473 (Tex. 2011) (orig. proceeding) (giving, as one reason for court's failing to reach separation of powers issue, that issue "is not alleged to have any harmful effect on the outcome of the proceeding"); *In the Interest of C.M.D.*, 287 S.W.3d 510, 515 (Tex.App.—Houston [14th Dist.] 2009, no pet.) (citing *Meshell* among other cases, and holding trial court erred in declaring statute unconstitutional without evidence of actual injury).

accordance with article 26.13(a)(5) would have been "a ground . . . to set aside" his conviction, sentence or plea, but for article 26.13(h). We are satisfied that is not the case here.

In *Anderson v. State*, the Court of Criminal Appeals determined the standard for appellate review of harm suffered by a defendant who pleads guilty to an offense requiring registration as a sex offender without the benefit of an admonishment of that requirement. 182 S.W.3d 914 (Tex.Crim.App. 2006). In *Anderson*, like here, the trial court neglected entirely to give the admonition required by article 26.13(a)(5). *Id.* at 917. The Court of Criminal Appeals held that such an error is subject to the harm analysis under Rule of Appellate Procedure 44.2(b), by which we assess whether the error affected substantial rights of the defendant. Tex. R. App. P. 44.2(b). In the particular instance of an error consisting of the failure to admonish under article 26.13(a)(5), the court further held, the question on appeal is "considering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Id.* at 919.

In its analysis of the record for an answer to the issue of harm, the court noted that Anderson adduced punishment testimony about the conditions that would be imposed on him if he were granted probation, including the registration requirement, and adduced the testimony of a therapist who opined he would be compliant with the rules of probation. *Id.* at 920. Recognizing that the effect of the trial court's failure to admonish him of the registration requirement "would be much less" if he were already aware of the requirement, the Court of Criminal Appeals found the calling of these

4

witnesses some, but not conclusive, evidence from which to infer that Anderson had personal knowledge of the registration requirement when he plead guilty. The court went on to consider the strength of the evidence against Anderson. *Id.* at 920-21. The court concluded the record as a whole gave it "fair assurance that no substantial right involving [Anderson's] decision to plead guilty was affected" by the failure to admonish him of the registration requirement. *Id.* at 921.

The case at bar presents a very similar posture. Like Anderson, during the punishment hearing, appellant called a sex offender counselor who agreed appellant's offense would require him to register as a sex offender for the rest of his life. Agreeing also that registration carries "certain reporting requirements," she testified to the possible consequences for failing to follow those requirements. She further testified to the provisions for early termination of sex offender registration. The counselor described her outpatient treatment program, and said appellant exhibited positive factors indicating the ability to complete outpatient treatment successfully, the factors including his acknowledgment of his crime and his positive attitude toward treatment. The arguments of counsel for the State and appellant focused primarily on his suitability for community supervision. Appellant's counsel spoke in his summation of the obligation to register as a sex offender and the restrictions of the reporting requirements. From the context of the argument, it is clear it was part of appellant's strategy of seeking community supervision as an alternative to imprisonment. *See Gardner v. State,* 164 S.W.3d 393, 399-400 (Tex.Crim.App. 2005) (voluntary nature of appellant's plea shown by overwhelming evidence that guilty plea was part of strategy to persuade jury to grant probation).

5

Although appellant did not testify, nothing about his responses during the plea colloquy or about any other aspect of the proceedings suggests to us he was not aware of the registration requirement. Appellant's counsel told the trial court appellant understood the nature of the charges against him and had been able to give intelligent aid in his defense.

Further, the record contains ample evidence of appellant's guilt of the offenses to which he plead guilty and appellant does not contend otherwise. The stipulation of evidence contains his straight-forward admission he intentionally or knowingly possessed visual material depicting a child engaging in sexual conduct, and that the images were exchanged among others. Appellant also gave police a written statement, admitted into evidence, stating he possessed the images that formed the basis of his convictions.

As did the Court of Criminal Appeals in *Anderson*, 182 S.W.3d at 921, we have considered the record in this case as a whole, and having done so, we find fair assurance the trial court's failure to admonish appellant of the registration requirement did not affect a substantial right involving his decision to plead guilty. To the contrary, our review of the record satisfies us that appellant would still have plead guilty in each cause if he had been properly admonished. *See Fowler v. State,* No. 08-11-00027-CR, 2012 Tex.App. LEXIS 2243, at *9-12 (Tex.App—El Paso March 21, 2012, pet. ref'd) (mem. op., not designated for publication) (similar analysis and conclusion).

Appellant cites *VanNortrick v. State,* 227 S.W.3d 706 (Tex.Crim.App. 2007), which addresses harm from the failure to admonish regarding the deportation

6

consequences of a guilty plea. We have considered the two issues of relevance to the "fair assurance" determination discussed in *VanNortrick* that are applicable to a failure to admonish on the registration as a sex offender requirement, those being whether appellant knew the registration consequence of his plea and the strength of the evidence of his guilt. *Id*. at 712. The third issue, the defendant's citizenship and immigration status, of course has no application to this case. *VanNortrick* calls for the same conclusion we have reached under *Anderson*.

Because of our conclusion appellant suffered no harm, under the required standard of section 44.2(b) of the appellate rules, from the trial court's error, we must conclude also that he has suffered no present injury, under the *Meshell* analysis, from the application to him of article 26.13(h)'s declaration that such an error does not provide grounds to set aside his pleas or convictions. That is, article 26.13(h) has not deprived him of a meritorious appellate issue. We therefore do not reach his separation of powers argument. *Meshell,* 739 S.W.2d at 250.

We overrule appellant's sole issue and affirm the judgments of the trial court.


James T. Campbell
Justice


Do not publish.


7