Christopher James **KELLEY,** Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–06–00883–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 6, 2007.

Randall J. Ayers, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

Appellant entered a plea of guilty to the offense of aggravated sexual assault of a child. He was convicted and the jury assessed punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant contends the trial court erred in (1) failing to fully admonish him as to the consequences of his guilty plea, and (2) overruling his objection to the prosecutor's closing argument. We reverse and remand to the trial court.

■ Prior to the commencement of voir dire, appellant entered a plea of guilty to the offense of aggravated sexual assault, and elected to have the jury assess punishment. The trial court admonished appellant of his rights and made inquiries into appellant's mental competence and the voluntariness of his plea. Article 26.13 of the Code of Criminal Procedure requires the

trial court to admonish a defendant, prior to his plea of guilty or nolo contendere, about the range of punishment for the offense, potential effects of a plea-bargain agreement, and a sex-offender-registration requirement. The court must also admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." Tex. Code Crim. Proc. Ann. art. 26.13(a)(4). It is undisputed that the trial court failed to admonish appellant as to the deportation consequences of his plea. The trial court erred in failing to admonish appellant about the deportation consequences of his plea. *See Hwang v. State*, 130 S.W.3d 496, 499 (Tex.App.-Dallas 2004, pet. ref'd).

■ A nonconstitutional violation of article 26.13 is subject to a harm analysis under Rule of Appellate Procedure 44.2(b). *Aguirre–Mata v. State*, 125 S.W.3d 473, 473 (Tex.Crim.App.2003). The essential question in determining harm is, "[C]onsidering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Anderson v. State*, 182 S.W.3d 914, 919 (Tex.Crim.App.2006). Three issues should be considered in the "fair assurance" analysis: (1) whether the defendant knew the consequences of his plea, (2) the strength of the evidence of guilt, and (3) the defendant's citizenship. *Vannortrick v. State*, 227 S.W.3d 706, 712 (Tex.Crim.App.2007).

■ On the first issue, the record is silent on the immigration consequences of appellant's guilty plea. When the record is silent regarding the consequences of conviction in the context of a guilty plea, the court must infer that the defendant did not know the consequences of his plea. *Id.* at 710–11. We cannot infer from a silent record that the defendant was aware of the consequences of his plea. *Id.* On the second issue, the strength or weakness of the evidence of guilt has little relevance when coupled with a finding that the defendant was not aware of the consequences of his plea. *Id.* at 713.

■ Finally, we look to appellant's citizenship. When the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error. *Id.* at 709. An appellate court can draw reasonable inferences from the record about an appellant's citizenship and immigration status when determining harm from the trial court's failure to give the deportation admonition. *Id.*

■ There is no definitive evidence in the record that appellant is a United States citizen. There is a document in the record entitled, "Probable Cause for Further Detention & Statutory Warnings by Magistrate." That document contains a section that states, "If you are not a United States citizen, you may be entitled to have us notify your country's consular representative here in the United States. Do you want us to notify your country's consular officials?" There is also a section, which requests that if the accused is a foreign national, he provide his family's names, date of birth, place of birth, and passport information. Both sections of the form are blank.

In determining whether this blank form is sufficient to determine whether appellant is a United States citizen, it is helpful to look at other cases that have conducted similar analyses. In *Vannortrick*, the defendant had been previously convicted of a felony in another state. The State argued that if the defendant was not a United States citizen, he would have been deported following his conviction in the other

state. The Court of Criminal Appeals rejected that argument, finding there could be any number of reasons why the defendant was not deported following his conviction. *Id.* at 711.

In *Sotero v. State,* No. 05–06–00504–CR, 2007 WL 155113 at *1 (Tex.App.-Dallas Jan. 23, 2007, no pet.)(mem. op. not designated for publication), the court found that an arraignment sheet from a prior conviction was sufficient to show that the defendant was a United States citizen. The arraignment sheet had a box checked stating, "The person arrested stated that he is a citizen of the United States of America[.]"

In *Reed v. State,* Nos. PD–0590–06 & PD–0591–06, 2007 WL 2949641, at *1–*4 (Tex.Crim.App. October 10, 2007)(not designated for publication), the State argued that the record was sufficient to show the defendant was a United States citizen because the defendant said he was "from Fort Worth, Texas." The court rejected the State's argument because the statement alone was not sufficient, and portions of the record were missing, which may or may not have established the defendant's citizenship.

The blank portion of the arraignment sheet in this case is analogous to the prior conviction in *Vannortrick.* There could be any number of reasons the form was left blank. There is no evidence in the record that appellant read the form or it was read to him. The State argues that the "notification of consular" question, by its express language, requires an answer only if the defendant is not a United States citizen. We do not read such a requirement in the language of the question. We cannot infer from the record that appellant was required to answer the question and that by leaving it blank he affirmatively represented that he is a United States citizen.

Because we cannot know whether appellant is a United States citizen, it is impossible to determine with any certainty whether his decision to plead guilty would have changed had he been properly admonished. Accordingly, we cannot have a fair assurance that appellant's decision to plead guilty would not have changed had he been admonished; therefore, the error is not harmless. When the trial court fails to admonish a defendant about the immigration consequences of his guilty plea, a silent record on citizenship, or a record that is insufficient to determine citizenship, establishes harm by the standard of Rule 44.2(b). *Vannortrick,* 227 S.W.3d at 714. We sustain appellant's first issue.

In his second issue, appellant contends the trial court erred in overruling his objection to the prosecutor's closing argument. Because we have sustained appellant's first issue, which requires remand to the trial court, we need not address appellant's second issue.

We reverse the judgment of the trial court and remand the cause for a new trial.