# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00414-CR

**Jerry Ray Ashby, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 62187, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry Ray Ashby pleaded guilty to the offense of unlawful possession of a firearm. *See* Tex. Penal Code Ann. § 46.04 (West Supp. 2008). The district court assessed punishment at seven years' confinement. In a single issue on appeal, Ashby argues that the district court erred in failing to admonish him regarding the immigration consequences of a guilty plea. We will affirm the judgment.

Article 26.13(a)(4) of the code of criminal procedure requires that, before accepting a guilty plea, the trial court admonish the defendant of the possibility of deportation. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex. Crim. App. 2007) (citing Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2007)). Here, the record reflects that the district court did not admonish Ashby of the possibility of deportation. The State concedes that this was a violation of article 26.13.

The failure of a trial court to admonish a defendant as required by article 26.13 is a statutory error rather than a constitutional error. *Id*.; *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002). When conducting the harm analysis of statutory errors, we must disregard the error unless it affected appellant's substantial rights. *Burnett*, 88 S.W.3d at 637 (citing Tex. R. App. P. 44.2(b)). The burden to demonstrate harm rests with neither the State nor the appellant. *Id*. at 638. "Rather, it is the appellate court's duty to assess harm after a proper review of the record." *Id*. When applying rule 44.2(b) to the failure to give an admonition, we must determine whether, "considering the record as a whole, [there is] fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him[.]" *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

Here, the district court failed to admonish the defendant about the immigration consequences of his guilty plea. In such a case, the harm analysis focuses on whether the record shows that the defendant was a United States citizen. *See VanNortrick v. State*, 227 S.W.3d 706, 714 (Tex. Crim. App. 2007). The court of criminal appeals has held that a silent record on citizenship, or a record that is insufficient to determine citizenship, establishes harm by the standard of rule 44.2(b). *See id*. On the other hand, "when the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error." *Id*. at 709; *Kelley v. State*, 237 S.W.3d 906, 908 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). "This is so because such a defendant is not subject to deportation, the threat of which could not have influenced that defendant's decision to plead guilty." *VanNortrick*, 227 S.W.3d at 709 (citing *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).

2

Ashby claims that the record in this case is silent regarding his citizenship status. We disagree. In the pre-sentence investigation (PSI) report considered by the district court prior to sentencing Ashby, there is a section entitled "DEFENDANT INFORMATION." In that section, Ashby is identified as an Anglo male, born in Temple, Texas, and his "Citizenship" is expressly designated as "U.S." Thus, the record reflects that Ashby is a United States citizen. Consequently, the district court's error was harmless. *See Cain*, 947 S.W.2d at 264. We overrule Ashby's sole issue on appeal.

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: October 31, 2008

Do Not Publish

3