Reversed and Remanded and Opinion filed January 27, 2009








Reversed and Remanded and Opinion filed January 27, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00291-CR

_______________

 

GARY DAVID STEVENS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 51,915

                                                                                                                                               


 

O P I N I O N

Appellant
Gary David Stevens appeals his convictions on three counts of aggravated sexual
assault of a child, claiming the trial court erred in (1) failing to properly
admonish appellant under article 26.13 of the Texas Code of Criminal Procedure
when appellant pleaded guilty, and (2) denying appellant=s motion for mistrial on the basis
that four jurors heard a cell phone conversation in which appellant=s aunt demeaned a State=s witness.  Because the record is
silent as to appellant=s citizenship status and because appellant was not admonished
of the possibility of deportation in pleading guilty, we reverse and remand.








I.  Factual and Procedural Background

Appellant
was charged with three counts of aggravated sexual assault of a child.  At a
hearing on the day before trial, appellant testified to his intention to plead
guilty, and he elected to have the jury assess punishment.  At this hearing, in
response to the trial judge=s questions, appellant indicated that his trial counsel had
informed him of both the range of punishment and the finality of the jury=s determination of punishment.  After
voir dire on the following day, appellant pleaded guilty to the charges.  

In
pleading guilty, appellant indicated an understanding that his trial counsel
and the State may put on evidence despite his Aguilty@ pleas.  The State presented
testimony from the complainant, who is appellant=s fourteen-year-old former
stepdaughter, and the complainant=s mother, among others.  Appellant
testified on his own behalf and admitted his guilt in the charged conduct. 

Before
the end of the guilt-innocence phase, the trial judge questioned four jurors as
to whether or not they overheard a cell-phone conversation of appellant=s aunt that demeaned the complainant=s mother.  The trial court admonished
each of the four jurors to consider only the evidence presented at trial, and
each juror agreed.  Appellant moved for a mistrial, which the trial court
denied.

As
instructed by the judge, the jury found appellant guilty as charged.  The jury
assessed a fine and punishment at sixty years= confinement for each count. 

II.  Issues and Analysis








In his
first issue, appellant claims his Aguilty@ pleas were involuntary because the
trial court failed to admonish him as to the range of punishment.  Under this
issue, appellant also complains of the trial court=s failure to give other admonishments
as required by article 26.13(a) of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2008).  Appellant complains that the trial court failed
to give the admonishments contained in article 26.13(a)(4) regarding possible
deportation.[1]

Article
26.13(a) of the Code of Criminal Procedure sets out certain admonishments to be
given to a defendant prior to the trial court=s acceptance of a Aguilty@ plea.  Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp.
2008).  Article 26.13(a)(1) provides that prior to accepting a plea of guilty
or nolo contendere, the trial court must admonish the defendant regarding the
range of punishment for the charged offense, the potential effects of a plea
bargain agreement, and the requirement to register with the state as a sex
offender.  Id.; see Kelley v. State, 237 S.W.3d 906, 907B08 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d). The trial court also must
admonish the defendant of Athe fact that if the defendant is not a citizen of the United
States of America, a plea of guilty or nolo contendere for the offense charged
may result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law.@  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4).  Under article 26.13(c), in
admonishing the defendant, Asubstantial compliance by the court is sufficient, unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonitions of the court.@  Tex.
Code Crim. Proc. Ann. art. 26.13(c).  

 








The record
shows that at the hearing and in response to his trial counsel=s questions, appellant testified that
he understood the possible penalty range for the charged offenses was from five
to ninety-nine years or life with eligibility for probation.  In response to
the trial court=s questions, appellant testified that his trial counsel
informed him as to the range of punishment and he still intended to plead
guilty.  During voir dire, in appellant=s presence, the trial judge read the
punishment range to the jury, and appellant=s trial counsel similarly informed
the jury as to the same punishment range.

After
voir dire, appellant pleaded guilty to the allegations for each of the three
counts in the indictment.  However, prior to accepting appellant=s plea, the trial judge did not
admonish appellant as to the punishment range, the sex-offender registry
requirement, or the possibility of deportation as required under article
26.13.  The record reflects that after the trial court accepted appellant=s pleas, outside of the jury=s presence, the trial court found
appellant to be sane.  The trial court also found that appellant had been
properly admonished by law of the consequences of his pleas.  The trial judge
questioned appellant as to whether appellant still intended, after fully
understanding the matters previously stated, to enter a Aguilty@ plea for each of the three counts. 
Appellant agreed.  A trial court errs, as in this case, when it does not
substantially comply with article 26.13(a).  See Anderson v. State, 182
S.W.3d 914, 918B19 (Tex. Crim. App. 2006); Aguirre-Mata v. State, 992
S.W.2d 495, 499 (Tex. Crim. App. 1999); Carranza v. State, 980 S.W.2d
653, 656 (Tex. Crim. App. 1998); see also Tex. Code Crim. Proc. Ann. art. 26.13(c).

A
violation of article 26.13 falls within the non-constitutional harm analysis
of  Texas Rule of Appellate Procedure 44.2(b).  Anderson, 182 S.W.3d at
918B19.  In applying this rule to the
failure to give an admonition, the reviewing court must reverse unless,
considering the record as a whole, the reviewing court has fair assurance that
the defendant=s decision to plead Aguilty@ would not have changed had the court properly admonished
him.  Id. at 919.








The
record contains multiple references to the correct punishment range, which were
each made in appellant=s presence before he entered the pleas and appellant,
himself, testified to understanding the range at the pre-trial hearing.  See
Aguirre-Mata v. State, 125 S.W.3d 473, 476B77 (Tex. Crim. App. 2003).  There is
nothing in the record that shows appellant was unaware of the consequences of
his pleas with respect to the possible punishment range or that he was misled or
harmed by the trial court=s failure to admonish him regarding the range of punishment. 
See id.  Therefore, the trial court=s error in failing to admonish
appellant regarding the range of punishment is harmless.

However,
the record in this case shows that the trial court also failed to admonish
appellant regarding the possible deportation consequences of his pleas.  See
Vannortrick v. State, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).  In this
context, if the record shows that appellant is a United States citizen, the
trial court=s failure to admonish him regarding the immigration consequences of his
guilty pleas is harmless error.  Id. at 709.  If the record shows that
appellant was not a citizen at the time of his Aguilty@ pleas, the trial court=s error in failing to give him the immigration
admonition is harmful.  See id.  In addition, the Court of Criminal
Appeals recently held that, if the record is silent as to appellant=s citizenship or if the record is
insufficient to determine appellant=s citizenship, the trial court=s error in failing to give him the
immigration admonition is harmful.  See id. at 714.      








In the
instant case, the record is silent regarding appellant=s citizenship and immigration
status.  See id. at 710B13.  When the record is silent, as in this case, as to the
consequences of appellant=s pleas regarding deportation, a reviewing court must infer
that the defendant did not know the consequences of his Aguilty@ pleas and therefore, the error is
harmful.  See id. at 710B14.  Accordingly, we sustain appellant=s first issue.[2] 
We reverse the trial court=s judgment and remand for further proceedings consistent with
this opinion.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Panel consists of Justices Frost,
Seymore, and Guzman.

Publish C Tex.
R. App. P. 47.2(b).

 

 

 









[1]           We conclude that appellant has assigned
error regarding his complaint that the trial court failed to 

comply with article 26.13(a)(4).  See Tex. R. App. P. 38.1(e) (stating AThe brief must state concisely all issues or points
presented for review.  The statement of an issue or point will be treated as
covering every subsidiary question that is fairly included.@).  Appellant has cited and quoted the reporter=s record, which reflects that the trial court did not
admonish appellant as required by article 26.13(a)(4) of the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4).  Appellant has complained of
this failure to admonish in his appellate brief.  In addition, appellant does
not have any burden to prove that this failure to admonish was harmful.  See
Vannortrick v. State, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).  We conclude
appellant has sufficiently briefed this argument.  See Tex. R. App. P. 38.1(h) (stating that A[t]he brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record@). 





[2]           Because we sustain appellant=s first issue on this ground, we do not reach the
merits of appellant=s

arguments in which he claims harm from the trial court=s failure to admonish him as to the sex-offender registry
requirement or the trial court=s alleged
failure to inquire of appellant=s mental
capacity in making his pleas. In addition, because we have sustained appellant=s first issue, we need not and do not address
appellant=s second issue.