



## MEMORANDUM OPINION

No. 04-10-00786-CR

Salvador Jose **DE LA CRUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-0481
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:    September 14, 2011

AFFIRMED

Salvador Jose De la Cruz appeals his conviction for aggravated robbery, contending the trial court failed to admonish him regarding the immigration consequences of his plea of nolo contendere as statutorily required by article 26.13(a)(4). *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2010). Although the trial court erred by omitting the required admonishment, we conclude the error was harmless because the record shows that De la Cruz is a non-removable United States citizen. We affirm the judgment of the trial court.

**FACTS**

In August 2009, De la Cruz pled no contest to robbing Jonathan Rodriguez and John Rodriguez on May 7, 2009 in cause numbers 2009-CR-6990-W and 2009-CR-6991-W, and was placed on deferred adjudication community supervision for four years in each case, concurrently. De la Cruz had been on deferred adjudication for only a few months when he was charged with a new offense, the aggravated robbery of Angel Rivas which was alleged to have occurred on October 25, 2009. The State filed a motion to revoke and adjudicate guilt in the two robbery cases based on the new aggravated robbery charge and other alleged violations by De la Cruz of the conditions of his community supervision.

On September 21, 2010, the trial court empanelled a jury and began the proceedings in the aggravated robbery case and the pending motions to revoke in the two robbery cases. Outside the jury's presence, the court first received De la Cruz's pleas of "true" to violating Condition No. 1 of his community supervision by committing a new offense of aggravated robbery, violating Condition No. 11 by failing to pay the fines and court costs due, violating Condition No. 20 by failing to complete his community service hours, and violating Condition No. 36 by failing to provide proof of the drug offender education program; the court stated it was accepting the pleas and carrying the motions to revoke and adjudicate guilt in the two robbery cases with the aggravated robbery case. When the aggravated robbery indictment was read before the jury, De la Cruz surprised the court by entering a plea of "nolo contendere" instead of "not guilty." The trial court noted it did not have the admonishments before it, but proceeded to admonish De la Cruz about his rights and the consequences of his plea from memory. It is undisputed that the court failed to admonish De la Cruz of the possible immigration consequences of his plea. Based on De la Cruz's plea of no contest, the trial court then directed

the jury to return a verdict finding him guilty of aggravated robbery, which it did. The court then proceeded with the punishment phase of trial. After hearing the punishment evidence, the jury returned its verdict in the aggravated robbery case, making an affirmative deadly weapon finding and recommending a sentence of 40 years of imprisonment; the court imposed the 40-year sentence recommended by the jury. In addition, the trial court found the alleged violations of community supervision in the two robbery cases to be "true," revoked De la Cruz's community supervision, adjudicated him "guilty" of the two robbery offenses, and assessed a punishment of 15 years of confinement in each robbery case, to be served concurrently. The trial court also ordered the 40-year and 15-year sentences to run concurrently. De la Cruz now appeals.

## DISCUSSION

In one issue on appeal, De la Cruz argues the trial court erred in failing to admonish him of the deportation consequences of his plea of no contest to the aggravated robbery charge. Article 26.13 of the Code of Criminal Procedure requires the trial court to admonish a defendant, prior to accepting his plea of guilty or nolo contendere, about the range of punishment for the offense, the potential effects of the plea and any plea-bargain agreement, and the sex-offender-registration requirements, if applicable to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)-(3), (5) (West Supp. 2010). The court must also admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." *Id*. (a)(4) (West Supp. 2010).

A nonconstitutional violation of article 26.13 is subject to a harm analysis under Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2(b); *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007); *Kelley v. State*, 237 S.W.3d 906, 908 (Tex. App.—Houston [14th

Dist.] 2007, pet. ref'd). The essential question in determining harm is, "[C]onsidering the record as a whole, do we have a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him?" *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006). When the record shows a defendant to be a United States citizen, however, the trial court's failure to admonish him on the immigration consequences of his plea is harmless error. *VanNortrick*, 227 S.W.3d at 709. "This is so because such a defendant is not subject to deportation, the threat of which could not have influenced that defendant's decision to plead guilty." *Id.*

De la Cruz contends he was harmed by the trial court's failure to admonish him on the deportation consequences of his plea because the record in this case is silent regarding his citizenship status. We disagree. After De la Cruz's brief was filed, the State requested that a supplemental clerk's record be filed with this Court containing the bond paperwork from the two robbery cases. The record contains personal bond affidavits filed in cause numbers 2009-CR-6990-W and 2009-CR-6991-W and sworn to by De la Cruz that state he was born on August 7, 1991 in the city of "SA TX." "SA TX" is a common abbreviation for San Antonio, Texas. The affidavit further states that De la Cruz currently resides in Converse, Texas, and that his nearest residing relative lives in "San Antonio, TX." The record reflects that the bond paperwork from the two robbery cases was before the trial court when it conducted the aggravated robbery trial and ruled on the motions to revoke and adjudicate guilt in the two robbery cases. Thus, the record reveals that De la Cruz was born in San Antonio, Texas, making him a non-removable United States citizen. Because the record shows De la Cruz is a United States citizen, we conclude the trial court's error in failing to give the deportation admonishment required under article 26.13(a)(4) was harmless. *See id.*; *see also Gist v. State*, No. 07-08-0030-CR, 2009 WL

3320203, at *2 (Tex. App.—Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant's bond paperwork contained in supplemental record which showed that appellant was born in Arkansas permitted inference that appellant was United States citizen, and thus error in failing to admonish appellant pursuant to article 26.13 was harmless). Accordingly, we overrule De la Cruz's sole issue on appeal and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

DO NOT PUBLISH