REVERSE and REMAND; Opinion issued December 6, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01604-CR

JUAN LOPEZ SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-24302-N

# OPINION

Before Justices Morris, Richter, and Murphy
Opinion By Justice Morris

After testifying at his trial, Juan Lopez Salazar changed his plea before the jury from not guilty to guilty. He was convicted of possession with intent to deliver cocaine in an amount of 200 grams or more but less than 400 grams and sentenced to twenty years' imprisonment. Appellant now complains the trial court failed to admonish him about the consequences of his guilty plea, including the immigration consequences of the plea. He also complains the judgment should be modified to state that he pleaded guilty. We reverse the trial court's judgment and remand the cause for further proceedings.

FACTUAL BACKGROUND

At the start of trial, appellant pleaded not guilty to the charges against him, including an

allegation that he used or exhibited a deadly weapon during the offense. Police testimony showed that over 220 grams of cocaine was found in the attic of appellant's home, along with $125,000. Officers testified that appellant said he was holding the drugs for a man known as Comanche. When appellant testified in his defense, he admitted to possessing the cocaine and money but denied using the gun found in the house to protect the contraband.

Appellant claimed he was coerced to come out of hiding and cooperate with police by officers who threatened his wife that they were going to take away their children if he did not appear. Appellant also testified that an officer told him if he did not reveal where the drugs were located, the officer would arrest his wife and he would never see his children again. Before appellant changed his plea, his attorney informed the court that appellant intended to seek a jury instruction under code of criminal procedure article 38.23 requiring the jury to disregard any evidence it believed had been obtained illegally. The attorney stated, "[W]e believe everything that happened after the officers entered the home was illegal and thus inadmissible."

After appellant testified, the State and the defense reached a plea agreement. The State withdrew the deadly weapon allegation and appellant pleaded guilty to the remaining allegations in the charge. The trial judge confirmed with appellant that he was aware of the change in his plea and of the State's abandonment of the deadly weapon allegation. The trial court did not admonish appellant orally or in writing as to the possible consequences of his plea, including the possible immigration consequences.

The record does not reveal whether appellant is a United States citizen. When he testified at trial, appellant stated that he was born in Mexico but had lived in Dallas for eighteen years and "was able to obtain" a driver's license. He testified that he had previously been employed at several car dealerships in the Dallas area. At the time of his arraignment, appellant refused to state his

citizenship. And he never specified his citizenship at trial. Appellant spoke through a translator at trial and spoke mainly Spanish when he was questioned by police following his arrest. During the questioning, he acknowledged that a phone number on his mobile phone belonged to his immigration attorney.

At the sentencing hearing, appellant's brother testified that appellant helps his brothers in Mexico by sending them money and things they need "because he cannot see them." One of appellant's other brothers testified that appellant raised him and the other siblings in Mexico when their father moved to the United States. Afterward, the brother said, appellant "immigrated to the United States, but he continued to support us down there in Mexico. He's the one that [sic] brought us here."

## DISCUSSION

In his second point of error, appellant complains the trial court violated his statutory right to be admonished about the immigration consequences of his guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4)(West Supp. 2012). The State concedes the trial court never admonished appellant about the immigration consequences of his plea but asserts that the error did not harm him.

The court of criminal appeals has held that in determining whether an appellant was misled or harmed by the trial court's failure to admonish him upon entry of his guilty plea, we must consider the record as a whole and decide whether we have a fair assurance that the appellant's decision to plead guilty would not have changed had the court admonished him. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007). Neither party has the burden of proving harm or harmlessness from the error. *Id.* We may draw reasonable inferences from facts in the record in conducting this analysis, but we may not use mere supposition. *Id.* at 710–711. Three issues must be considered in assessing any harm: whether the appellant knew of the consequences of his plea,

the strength of the evidence of the appellant's guilt, and the appellant's citizenship and immigration status. *Id.* at 712.

First, we cannot determine from the record whether appellant was aware of the deportation consequences of a guilty plea. As in *VanNortrick*, the record in appellant's case shows not only that the trial court failed to give the deportation admonishment but also that none of the parties made any reference on the record to deportation or other potential immigration consequences of a guilty plea. *See id; see also Gutierrez-Gomez v. State*, 321 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding Gutierrez-Gomez not harmed by failure to give deportation admonishment where deportation issue was referenced about five times during trial). Although the record shows appellant declined to give his citizenship status at the time of his arraignment, we cannot infer from that fact that appellant was aware of the deportation consequences of a guilty plea.

The second issue favors the State. Not only was there considerable police testimony pertaining to appellant's guilt, appellant himself admitted his guilt for every aspect of the offense as it was originally charged except the deadly weapon allegation. But the court of criminal appeals has made clear that where we cannot infer that the appellant knew about the immigration consequences of his plea, "the strength or weakness of the evidence against [him] makes little difference to the harm analysis in the context of the whole record." *VanNortrick*, 227 S.W.3d at 713. We cannot be certain that, even if the evidence against him is strong, an appellant would necessarily choose a guilty plea and certain conviction over taking his chances at trial knowing that is the only way he can attempt to avoid deportation or being forever denied the opportunity to become a naturalized citizen. *Id.*

It is true that by the time appellant changed his plea to guilty in this case, he had already effectively admitted to almost every element of the charged offense and thereby nearly guaranteed

his conviction. But it is equally true that when appellant was pursuing his plea of not guilty, the defense planned to seek a finding by the jury that all the State's incriminating evidence had been obtained illegally and therefore could not be used by the jury to convict him. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Accordingly, assuming appellant is not a U.S. citizen, proper admonishment on the deportation consequences of a guilty plea would have left appellant with two choices: (1) plead guilty with the risk of deportation (but the possible benefit of a more lenient sentence) or (2) persist with his not guilty plea risking conviction and a longer sentence (but with the possibility that the jury would find him not guilty based on police misconduct and he could not be deported).

The final issue is appellant's citizenship and immigration status. Appellant argues there were "clear indications" that he is not a U.S. citizen because he refused to state his citizenship at arraignment, he mentioned his immigration lawyer during police questioning, he stated that he was born in Mexico and moved to the U.S. when he was about sixteen years old, he did not speak English very well, he worked at menial jobs, he was "able to obtain" a Texas driver's license, he had strong ties to Mexico, and the State urged the jury during jury argument to consider that appellant caused drugs to go out to "citizens" in the community. For its part, the State argues there is "also evidence from which one could reasonably infer that [he] had become a citizen." The State points to appellant's driver's license and his work for several car dealerships. The State further asserts that the record shows appellant's decision to plead guilty was a trial strategy used in the hope of obtaining probation.

Although the record is not entirely silent on appellant's citizenship and immigration status, it is insufficient for us to make a determination on the issue. *See VanNortrick*, 227 S.W.3d at 713; *Kelley v. State*, 237 S.W.3d 906, 908–09 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). When

the trial court fails to admonish a defendant about the immigration consequences of his guilty plea, a record that is insufficient to determine citizenship establishes harm by the standard of appellate rule 44.2(b). *VanNortrick*, 227 S.W.3d at 714; *cf. Vollmer v. State*, No. 05-10-00081-CR, 2011 WL 3833028 at *3 (Tex. App.—Dallas Aug. 31, 2011, pet. ref'd) (not designated for publication) (holding where record showed Vollmer was a U.S. citizen, failure to give deportation admonishment was harmless). Any other conclusion would involve mere supposition, which we may not employ. *See VanNortrick*, 227 S.W.3d at 711. We therefore sustain appellant's second point of error. Our resolution of this point of error precludes any necessity to consider appellant's first point of error complaining that his plea was not entered knowingly and voluntarily or his third point of error contending that the trial court's judgment wrongly states that he pleaded not guilty. We therefore decline to address those points of error.

We reverse the trial court's judgment and remand the cause for further proceedings.


JOSEPH B. MORRIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111604F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JUAN LOPEZ SALAZAR, Appellant

No. 05-11-01604-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-24302-N).
Opinion delivered by Justice Morris,
Justices Richter and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered December 6, 2012.

JOSEPH B. MORRIS
JUSTICE