Affirmed as Modified; Opinion Filed November 14, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00410-CR
No. 05-11-00411-CR
No. 05-11-00412-CR

## THOMAS FRIZZELL, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause Nos. F09-41465-X, F10-41270-X, and F10-63575-X

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellant pleaded guilty to aggravated assault involving family violence by causing serious bodily injury using a deadly weapon,[1] assault involving family violence by impeding breathing,[2] and aggravated assault with a deadly weapon.[3] He was sentenced to three concurrent terms of five years in prison. In two points of error, he contends (1) the trial court abused its discretion by allowing the

---

[1] Cause number 05-11-00410-CR; trial court cause number F09-41465-X.

[2] Cause number 05-11-00411-CR; trial court cause number F10-41270-X.

[3] Cause number 05-11-00412-CR; trial court cause number F10-63575-X.

complainant to testify regarding matters that were, according to appellant, outside of her personal knowledge; (2) the court's judgment in cause 05-11-00411-CR should be modified to reflect the correct statute under which appellant was convicted. As modified, we affirm the trial court's judgments.

## DISCUSSION

### *Complainant's Testimony*

In his first point, appellant contends the trial court abused its discretion by allowing the complainant to testify regarding matters that were, according to appellant, outside of the complainant's personal knowledge.

During the punishment hearing, the complainant testified that she had been in a relationship with appellant since 2000, when she was fifteen years old. They were married in February of 2004, and a suit for their divorce was filed in December of 2009. At the time of trial in March of 2011, they were separated and their divorce case was still pending.

In October of 2009, the complainant and appellant got into an argument regarding a telephone call the complainant made to a woman she believed her husband "was having a relationship with." Appellant became upset and strangled the complainant until she lost consciousness. When the complainant regained consciousness, appellant strangled her again until she lost consciousness. The choking left the complainant with red marks on her neck and broken blood vessels around her eyes.

The complainant was eventually able to leave the house and contact the police. She then went back to the house to get her two children, and they went to a shelter. After staying in the shelter for approximately one to two weeks, appellant moved out of their house, and the complainant and the children went back to the house.

In March of 2010, appellant accused the complainant of cheating on him, and he choked her.

The complainant did not lose consciousness on this occasion, but her neck was sore the following day. Later that month, when the complainant went to appellant's residence to pick up her children, appellant accused her of cheating on him and followed her in his vehicle when she drove away. Appellant pursued the complainant and repeatedly "rammed" her car. While trying to escape, the complainant collided with another vehicle and "totaled" her car. The complainant testified that she was trying to get away from appellant because she was afraid he would kill her if she stopped.

The complainant also testified that appellant had started an escort service after he lost his job, and that he asked the complainant to participate. Appellant recruited up to five or six women for the escort service, which was in business for about one year. The complainant worked for the escort service both before and after she separated from appellant, until she finally stopped working for him in April of 2010. By the time of trial, the complainant was no longer involved in the escort service because she "didn't want to live that kind of life anymore." The complainant said she still feared appellant and would not feel safe it he were placed on probation because she believed he had "a lot of resentment towards me, and I think that he would try to hurt me."

On cross-examination, the complainant agreed that her relationship with appellant had been "rocky" as far back as 2000, when she was still in high school. The complainant also admitted that she had started some of the fights she had with appellant, but she insisted she was "okay" when she and appellant were not together.

On redirect examination, the complainant testified that she and appellant continued to talk to one another between the two incidents, which took place in October of 2009 and March of 2010, principally because of their two children but also because the complainant worked for appellant at the escort service "[o]ff and on." She also testified that appellant was jealous of her relationships with other men and had installed some sort of "spyware" on her computer "so that he could read all

of my e-mails." Defense counsel twice objected that the prosecutor was leading the witness, but otherwise did not object to this testimony. On re-cross-examination, defense counsel challenged the complainant's testimony that appellant was jealous and had been reading her e-mails. On further redirect, the prosecutor asked the complainant "about the fact that the Defendant was jealous even though he was essentially your pimp. Can you explain that to the Judge?" The complainant replied that appellant

> had separated this business and me having a personal relationship or moving on to a significant relationship, and I think he separated that. And it was so different to him that he became jealous if he thought that I was starting a—

Defense counsel then objected, "[T]his is pure speculation on her part. Unless she has actual personal knowledge of that." The trial court overruled the objection.

An appellate court reviews a trial court's ruling on the admission of evidence for an abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Only if the court's decision lies "outside the zone of reasonable disagreement" will we conclude an abuse of discretion occurred. *Id.*

Appellant argues the trial court abused its discretion by allowing the complainant to testify (1) that appellant was jealous of her relationships with other men, and (2) that appellant installed some sort of spyware on her computer, because the record shows, according to appellant, that the witness did not have the requisite personal knowledge to testify about either matter. Appellant cites rule 602 of the Texas Rules of Evidence, which prohibits a witness from testifying about matters without sufficient evidence to support a finding that the witness has personal knowledge of the matter. TEX. R. EVID. 602. The State responds that the error was not preserved, the court did not abuse its discretion, and that the error, if any, was harmless.

In order to argue on appeal that a trial judge erred by admitting evidence, the error must be

preserved through a proper objection. *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Ethington v. State,* 819 S.W.2d 857, 858 (Tex. Crim. App.1991). A proper objection is one that is specific and timely. *Martinez,* 98 S.W.3d at 193; *Ethington,* 819 S.W.2d at 858. To be timely, the objection should, if possible, be made before the evidence is actually admitted. *Ethington,* 819 S.W.2d at 858. "If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent." *Id.* A defendant also is required to object each time the evidence is offered unless (1) defense counsel obtains a running objection; or (2) defense counsel lodges the objection and obtains a ruling to the objectionable evidence in a hearing requested by defense counsel outside of the jury's presence. *Id.* at 858-59.

In this case, however, appellant did not object regarding speculation or rule 602 when the complainant first testified on redirect about the two matters in question. Appellant's trial counsel also cross-examined the complainant regarding both matters without lodging an objection. Appellant does not offer any justification for the late objection, which never mentioned rule 602, and he neither obtained a running objection nor requested a hearing. As a result, the error, if any, was not preserved for appellate review.

Furthermore, even if appellant preserved error and the trial court erred by admitting the evidence, any resulting error was harmless. Improper admission of evidence is non-constitutional error that we disregard unless the error affected an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Garcia v. State,* 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Under rule 44.2, an appellate court may not reverse for nonconstitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining a defendant's conviction or punishment. *See Anderson v. State,* 182 S.W.3d 914, 919 (Tex. Crim. App. 2006); *Aguirre–Mata v. State,* 125 S.W.3d 473, 474 (Tex. Crim. App.

2003). When conducting a rule 44.2(b) harm analysis, overwhelming evidence of a defendant's guilt is one factor to be considered. *Motilla v. State*, 78 S.W.3d 352, 357 (Tex. Crim. App. 2002).

In the instant case, the effect of the complained-of testimony was not substantial or injurious. Appellant pleaded guilty to the charged offenses, admitting he committed two aggravated assaults and one assault against the complainant, his estranged wife. The complainant testified that appellant choked her into unconsciousness twice, choked her again on another occasion, and rammed her car repeatedly, causing her vehicle to collide with another car. The testimony regarding appellant's jealousy and spying on the complainant's computer would not have had a substantial and injurious effect or influence on appellant's punishment, given the record in this case. As a result, the error, if any, was harmless. We resolve appellant's first point of error against him.

### Reformation of Judgment in Cause 05-11-00411-CR

In his second point, appellant claims that the judgment in cause number 05-11-00411-CR, which was the conviction for assault involving family violence by impeding breathing, should be reformed to reflect the correct statute of the offense under which appellant was convicted. The judgment incorrectly states that appellant was convicted in cause 05-11-00411-CR of an offense under section 22.02 of the Texas Penal Code, which is the aggravated assault statute. The record, however, shows appellant was convicted under § 22.01(b)(2)(B), which pertains to assault involving family violence by impeding breathing or circulation. The State agrees the judgment should be reformed to reflect the correct statute. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we reform the judgment in cause 05-11-00411-CR to

reflect that the statute for the offense is § 22.01(b)(2)(B).

As modified, we affirm the trial court's judgments.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110410F.U05

-7-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS FRIZZELL, Appellant

No. 05-11-00410-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas. (Tr.Ct.No. F09-41465-X).
Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS FRIZZELL, Appellant

No. 05-11-00411-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas. (Tr.Ct.No. F10-41270-X).

Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** as follows:

The portion of the judgment entitled "Statute for Offense" is modified to show the statute for the offense was Section 22.01(b)(2)(B) of the Texas Penal Code.

As modified, the judgment is **AFFIRMED**.

Judgment entered November 14, 2012.

_____
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THOMAS FRIZZELL, Appellant

No. 05-11-00412-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 6 of Dallas County, Texas. (Tr.Ct.No. F10-63575-X).
Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 14, 2012.

LANA MYERS
JUSTICE